UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

JIACONG ZHANG,

                      Plaintiff,

   v.

URBAN BLUE CONSTRUCTION INC. and ZHANG SUN

                      Defendants.
-------------------------------------------------------------------x

Case No: 1:19-cv-5101

**COMPLAINT**
**JURY TRIAL DEMANDED**

     Plaintiff, JIACONG ZHANG ("Plaintiff"), by and through his attorney, The Harrison Law Firm P.C., hereby bring this complaint against Defendants, URBAN BLUE CONSTRUCTION INC. and ZHANG SUN (collectively, "Defendants"), and alleges as follows:

**INTRODUCTION**

    1.    Plaintiff brings this action against Defendants for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (hereinafter the "FLSA"), and the New York Labor Law, N.Y. Lab. Law § 1 et seq. (hereinafter the "NYLL"), arising from Defendants' willful and unlawful employment policies, patterns, and practices.

    2.    Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay Plaintiff minimum wage as well as overtime compensation.

    3.    Defendants refused to record all of the time that Plaintiff worked, including work done in excess of forty hours each week.

Zhang v. Urban Blue Construction Inc. et al.
Case No: 1:19-cv-5101
Complaint

Page 1 of 17

4. Defendants failed to provide a Time of Hire Notice detailing rates of pay and payday information.

5. Defendants failed to provide paystubs that accurately and truthfully listed Plaintiff's hours worked; the employer's name, address, and telephone number; the employee's rate or rates of pay; any deductions made from the employee's wages; any allowances claimed as part of the minimum wage; and the employee's gross and net wages for each pay day.

6. Defendants failed to pay Plaintiff "spread of hours" premiums for shifts of more than ten hours in a single day.

7. Plaintiff is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest, (5) statutory penalties, and (6) litigation costs and reasonable attorneys' fees.

## JURISDICTION

8. This Court has original federal question jurisdiction over this controversy pursuant to 28 U.S.C. § 1331 because Plaintiff's causes of action arise under the laws of the United States, specifically the FLSA.

9. This Court has personal jurisdiction over both Defendants, because both Defendants do business in Suffolk County, New York, and maintain a principal place of business in Suffolk County, New York.

10. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because such state law claims are so related to the Plaintiff's federal law claims that they form part of the same case or controversy.

Zhang v. Urban Blue Construction Inc. et al.
Case No: 1:19-cv-5101
Complaint

Page 2 of 17

## VENUE

11.     Venue in the Eastern District is proper pursuant to 28 U.S.C. § 1391(b)(1) because both Defendants are residents of New York and both Defendants reside in this district.

12.     Venue in the Eastern District is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PLAINTIFF

13.     URBAN BLUE CONSTRUCTION INC. employed Plaintiff as a coordinator and driver in URBAN BLUE CONSTRUCTION INC.'s construction business.

## DEFENDANTS

Corporate Defendant

14.     URBAN BLUE CONSTRUCTION INC. is a domestic for-profit corporation organized under the laws of the State of New York with its principal place of business at 8 Colony Court, Greenlawn, New York 11740.

15.     Upon Plaintiff's information and belief, URBAN BLUE CONSTRUCTION INC. is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

16.     At all times hereinafter mentioned, the activities of URBAN BLUE CONSTRUCTION INC. constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r) and (s).

Zhang v. Urban Blue Construction Inc. et al.
Case No: 1:19-cv-5101
Complaint

Page 3 of 17

17. Upon Plaintiff's information and belief, URBAN BLUE CONSTRUCTION INC. purchased and handled goods that were moved in interstate commerce.

18. At all relevant times, the work performed by Plaintiff was directly essential to the businesses operated by URBAN BLUE CONSTRUCTION INC.

19. At all relevant times, URBAN BLUE CONSTRUCTION INC. was and still is an "employer" within the meaning of 29 U.S.C. § 203(d) and N.Y. Lab. Law § 190(3).

20. URBAN BLUE CONSTRUCTION INC. is located at 8 Colony Court, Greenlawn, New York 11740 and conducts construction business at various locations.

Owner / Operator Defendant

21. Upon Plaintiff's personal knowledge, at all relevant times Defendant ZHANG SUN was in charge of all aspects of URBAN BLUE CONSTRUCTION INC., including the hiring, management, and termination of employees; as well as determining the rates of pay, work schedule (including work hours and work days), type of work assigned, designated work load, and employment policy.

22. Defendant ZHANG SUN had the ultimate decision-making authority over issues such as whether to pay minimum wages and overtime wages in accordance with the law.

23. Upon Plaintiff's personal knowledge, at all relevant times ZHANG SUN acted directly or indirectly in the interest of URBAN BLUE CONSTRUCTION INC. in relation to Plaintiff and other URBAN BLUE CONSTRUCTION INC. employees.

## STATEMENT OF FACTS

Zhang v. Urban Blue Construction Inc. et al.
Case No: 1:19-cv-5101
Complaint

Page 4 of 17

24. Defendants committed the following acts against Plaintiff knowingly, intentionally, and willfully.

25. From on or about September 2017 through April 2018, Defendants employed Plaintiff as a coordinator and driver.

26. Plaintiff worked at various construction sites at which Defendants provided construction services.

27. Defendants paid Plaintiff a fixed wage of $130.00 per day worked, regardless of the actual number of hours that Plaintiff worked in any given day.

28. Plaintiff worked 12 hours a day every day from April 23, 2018 through April 27, 2018.

29. Defendants did not pay Plaintiff any amount for the time Plaintiff worked from April 23, 2018 through April 27, 2018.

30. Plaintiff also worked 12 hours a day every day from April 30, 2018 through May 1, 2018.

31. Defendants did not pay Plaintiff any amount for the time Plaintiff worked from April 30, 2018 through May 1, 2018.

32. Plaintiff regularly worked 12 hours a day, 5 days a week.

33. On at least three occasions, Plaintiff worked 7 days a week.

34. During his employment with Defendants, Plaintiff accumulated a total of at least 700 hours in excess of 40 hours per week.

35. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

36. At all relevant times, and at Defendant ZHANG SUN's direction and instruction, Defendant URBAN BLUE CONSTRUCTION INC. knowingly, intentionally, and willfully failed to pay Plaintiff his lawful overtime compensation of one and one half times his regular rate of pay for all hours worked over forty in a given work week.

37. Plaintiff worked 12 hours a day for five days a week for at least 32 weeks

38. Although Plaintiff worked more than ten hours in a single day on several occasions, Defendants never paid Plaintiff the required spread of hours payments.

39. At Defendant ZHANG SUN's direction and instruction, Defendant URBAN BLUE CONSTRUCTION INC. failed to keep full and accurate records of Plaintiff's hours and wages.

40. At all relevant times and at Defendant ZHANG SUN's direction and instruction, Defendant URBAN BLUE CONSTRUCTION INC. knowingly, intentionally, and willfully failed to provide Plaintiff with a Time of Hire Notice in English and in Mandarin Chinese (Plaintiff's primary language) reflecting Plaintiff's hourly rate or rates of pay and overtime rate or rates of pay; whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer.

Zhang v. Urban Blue Construction Inc. et al.
Case No: 1:19-cv-5101
Complaint

Page 6 of 17

41. At all relevant times and at Defendant ZHANG SUN's direction and instruction, Defendant URBAN BLUE CONSTRUCTION INC. knowingly, intentionally, and willfully failed to provide Plaintiff with paystubs that listed the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

42. At all relevant times and at Defendant ZHANG SUN's direction and instruction, Defendant URBAN BLUE CONSTRUCTION INC. failed to allow Plaintiff any time for lunch or dinner breaks.

43. At Defendant ZHANG SUN's direction and instruction, Defendant URBAN BLUE CONSTRUCTION INC. knowingly, intentionally, and willfully failed to post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

44. As a condition of Plaintiff's employment, Defendants frequently required Plaintiff to pay for meals for Defendants' other employees, to purchase materials for Defendants' construction projects with Plaintiff's own money, and pay for fines that Defendants incurred in the course of Defendants' business.

45. Defendants promised Plaintiff that Defendants would reimburse Plaintiff for the amounts that Plaintiff paid for Defendants' benefit.

46. Defendants never reimbursed Plaintiff for such amounts.

## STATEMENT OF CLAIMS

Zhang v. Urban Blue Construction Inc. et al.
Case No: 1:19-cv-5101
Complaint

Page 7 of 17

### Count 1. FLSA Minimum Wage Violations

### (Plaintiff against Both Defendants)

47. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 as though fully set forth herein.

48. Defendants are an "enterprise" as defined by 29 U.S.C. § 203(r)(1) and are engaged in commerce within the meaning of 29 § 203(b), (s)(1).

49. At all relevant times, Defendants were covered employers under the FLSA.

50. Plaintiff was not exempt from the requirement that Defendants pay Plaintiff the prevailing minimum wage under the FLSA.

51. Defendants failed to pay Plaintiff the prevailing minimum wage for all hours that Plaintiff worked.

52. As a result of their failure to pay Plaintiff the prevailing minimum wage for all hours worked, Defendants violated the FLSA.

53. Defendants' conduct constitutes willful violations of the FLSA.

54. Defendants' violations of the FLSA significantly damaged Plaintiff, and Plaintiff is entitled to recover the total amount of his unpaid minimum wages, an additional equal amount in liquidated damages, costs, reasonable attorneys' fees, and interest.

### Count 2. NYLL Minimum Wage Violations

### (Plaintiff against Both Defendants)

55. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 as though fully set forth herein.

Zhang v. Urban Blue Construction Inc. et al.
Case No: 1:19-cv-5101
Complaint

Page 8 of 17

56. At all relevant times, Defendants were covered employers under the NYLL.

57. The NYLL requires covered employers such as Defendants to pay all nonexempt employees the prevailing minimum wage for all hours worked.

58. Plaintiff was not exempt from the requirement that Defendants pay him the prevailing minimum wage under the NYLL.

59. Defendants failed to pay Plaintiff the prevailing minimum wage for all hours that Plaintiff worked for Defendants.

60. As a result of Defendants' failure to pay Plaintiff the prevailing minimum wage for all hours, Defendants violated the NYLL.

61. Defendants' violations of the NYLL have significantly damaged Plaintiff, and Plaintiff is entitled to recover the total amount of his unpaid minimum wage, an additional amount in liquidated damages, costs, reasonable attorneys' fees, and interest.

### Count 3. FLSA Overtime Wages Violations

### (Plaintiff against Both Defendants)

62. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 as though fully set forth herein.

63. At all relevant times, Plaintiff regularly worked in excess of forty hours per workweek.

64. At all relevant times, Defendants operated under a decision, policy, and plan of willfully failing and refusing to pay Plaintiff at one and one-half times his hourly wage for all work in excess of forty hours per workweek.

Zhang v. Urban Blue Construction Inc. et al.
Case No: 1:19-cv-5101
Complaint

Page 9 of 17

65. At all relevant times, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff at the required overtime rate of one and one-half times his hourly wage for all hours worked in excess of forty hours per workweek.

66. Due to Defendants' FLSA violations, Plaintiff is entitled to recover damages in the amount of his respective unpaid overtime compensation, liquidated damages, costs, reasonable attorneys' fees, and interest.

### Count 4. NYLL Overtime Wages Violations

### (Plaintiff against Both Defendants)

67. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 as though fully set forth herein.

68. Plaintiff regularly worked in excess of forty hours per workweek.

69. At all relevant times, Defendants operated under a decision, policy, and plan of willfully failing and refusing to pay Plaintiff at one and one-half times Plaintiff's hourly wage for all work in excess of forty hours per workweek.

70. At all relevant times, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff at the required overtime rate of one and one-half times his hourly wage for all hours that Plaintiff worked in excess of forty hours per workweek.

71. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants damages in the amount of Plaintiff's unpaid overtime compensation, liquidated damages, costs, reasonable attorneys' fees, and interest.

### Count 5. NYLL Spread of Hours Pay Violations

Zhang v. Urban Blue Construction Inc. et al.
Case No: 1:19-cv-5101
Complaint

Page 10 of 17

**(Plaintiff against Both Defendants)**

72. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 as though fully set forth herein.

73. Plaintiff regularly worked more than ten hours in a single workday.

74. For days on which Plaintiff worked more than ten hours in a single workday, Defendants failed to fully compensate Plaintiff for one hour's pay at the basic New York minimum hourly wage rate, as required by New York law as "spread of hours" pay.

75. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants the spread of hours pay underpayment, liquidated damages, as well as attorneys' fees, costs, and interest.

**Count 6. NYLL Meal Time Violations**

**(Plaintiff against Both Defendants)**

76. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 as though fully set forth herein.

77. At all relevant times, Defendants failed to provide Plaintiff with any time for the noon day meal.

78. Plaintiff worked shifts that started before eleven o'clock in the morning and continued later than seven o'clock in the evening.

79. Defendants failed to allow an additional meal period between five and seven o'clock in the evening.

80. Defendants' failure to provide the meal periods was not in good faith.

Zhang v. Urban Blue Construction Inc. et al.
Case No: 1:19-cv-5101
Complaint

Page 11 of 17

81. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants compensatory damages, liquidated damages, costs, reasonable attorneys' fees, and interest.

### Count 7. NYLL Record-Keeping Violations

**(Plaintiff against Both Defendants)**

82. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 as though fully set forth herein.

83. Defendants did not maintain, establish, and preserve Plaintiff's weekly payroll records for a period of not less than six years.

84. As a result of Defendants' unlawful conduct, Plaintiff has sustained damages, including loss of earnings in an amount to be established at trial, liquidated damages, prejudgment interest, costs, and attorneys' fees.

85. Upon Plaintiff's information and belief, Defendants failed to maintain adequate and accurate written records of Plaintiff's actual hours worked and true wages earned by Plaintiff.

86. Defendants' conduct constitutes willful violations of the NYLL and/or its regulations.

87. Due to Defendants' violations of the NYLL, Plaintiff is entitled to damages, costs, reasonable attorneys' fees, and injunctive and declaratory relief.

### Count 8. NYLL Time of Hire Wage Notice Requirement Violations

**(Plaintiff against Both Defendants)**

Zhang v. Urban Blue Construction Inc. et al.
Case No: 1:19-cv-5101
Complaint

Page 12 of 17

88. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 as though fully set forth herein.

89. At all relevant times, Defendants were covered employers under the NYLL.

90. Defendant failed to supply Plaintiff with notice as required by New York Labor Law § 195, in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

91. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

92. Due to Defendant's violations of the NYLL, Plaintiff is entitled to damages, costs, reasonable attorneys' fees, and injunctive and declaratory relief.

**Count 9. Failure to Furnish Accurate Wage Statements in Violation of NYLL**

**(Plaintiff against Both Defendants)**

93. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 as though fully set forth herein.

94. At all relevant times, Defendants were covered employers under the NYLL.

Zhang v. Urban Blue Construction Inc. et al.
Case No: 1:19-cv-5101
Complaint

Page 13 of 17

95. The NYLL requires covered employers, such as Defendants, to furnish wage statements to its employees with every payment of wages and to provide wage notices.

96. Plaintiff was not exempt from this requirement.

97. Defendants failed to supply Plaintiff with an accurate statement of wages as required by New York Labor Law § 195 containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

98. Defendants' conduct constitutes willful violations of the NYLL and/or its regulations.

99. Due to Defendant's violations of the NYLL, Plaintiff is entitled to damages, costs, reasonable attorneys' fees, and injunctive and declaratory relief.

### Count 10. Illegal Kickbacks in Violation of NYLL

**(Plaintiff against Both Defendants)**

100. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 as though fully set forth herein.

101. At all times relevant to this action, Defendants were persons within the meaning of New York Labor Law § 198-b.

Zhang v. Urban Blue Construction Inc. et al.
Case No: 1:19-cv-5101
Complaint

Page 14 of 17

102. Defendants demanded that Plaintiff kick back a portion of Plaintiff's wages by requiring him to purchase equipment and materials to be used at Plaintiff's construction sites, pay for meals for Defendants' employees, and pay for fines and violations incurred by or on behalf of Defendants.

103. Plaintiff paid the amounts demanded by Defendants.

104. Plaintiff requested reimbursement of these amounts from Defendants.

105. Defendants have failed and refused to reimburse Plaintiff for these amounts.

106. Defendants actions constitute violations of New York Labor Law § 198-b.

107. As a result of Defendants' violations of New York Labor Law § 198-b, Plaintiff is entitled to recover from Defendants the total amount of money Defendants required Plaintiff to pay to purchase equipment and materials to be used at Plaintiff's construction sites, meals for Defendants' employees, and fines and violations incurred by or on behalf of Defendants; an additional amount as liquidated damages; Plaintiff's reasonable attorney's fees; and the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment providing the following relief:

A. Declare that the practices complained of herein are unlawful under applicable federal and state law;

Zhang v. Urban Blue Construction Inc. et al.
Case No: 1:19-cv-5101
Complaint

Page 15 of 17

B. Enjoin Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law from engaging in each of the unlawful practices and policies set forth herein;

C. Determine the damages sustained by Plaintiff as a result of Defendants' violations of the FLSA and award those damages against Defendants and in favor of Plaintiff, plus an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations, as well as such pre-judgment and post-judgment interest as may be allowed by law;

D. Determine the damages sustained by Plaintiff as a result of Defendants' violations of the NYLL and/or its regulations and award those damages against Defendants and in favor of the Plaintiff, plus liquidated damages in the amount of one hundred percent of such damages pursuant to the New York Wage Theft Prevention Act, as well as such pre-judgment and postjudgment interest as may be allowed by law;

E. Award Plaintiff an additional amount as liquidated damages pursuant to the NYLL because Defendants' violations were willful and/or without a good faith basis;

F. Award Plaintiff liquidated and/or punitive damages as a result of Defendants' willful failure to pay "spread of hours" premiums pursuant to the NYLL;

G. Award Plaintiff the maximum amount allowed by law for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

H. Award Plaintiff the maximum amount allowed by law for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages,

Zhang v. Urban Blue Construction Inc. et al.
Case No: 1:19-cv-5101
Complaint

Page 16 of 17

any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

I.	Award Plaintiff statutory damages for Defendants' violations of the NYLL's notice and recordkeeping requirements;

J.	Awarding Plaintiff the full amount of the illegal kickbacks and an equal amount in liquidated damages;

K.	Award Plaintiff his reasonable attorneys' fees and costs and disbursements in this action, including, but not limited to, any accountants' or experts' fees;

L.	Grant Plaintiff such other and further relief that the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: Flushing, New York
September 8, 2019

> Respectfully submitted,
>
> By: /s/ Baya W. Harrison
> Baya W. Harrison, Esq.
> New York Bar: 5678610
> The Harrison Law Firm P.C.
> 38-08 Union Street, Suite 11A, Flushing, NY 11354
> Tel: (866) 943-2692
> Fax: (866) 943-2692
> Email: bwh@heboya.com
> Attorney for Plaintiff, Trial Counsel

Zhang v. Urban Blue Construction Inc. et al.
Case No: 1:19-cv-5101
Complaint

Page 17 of 17